In the matter of proceedings under the MORTGAGE GUARANTY CORPORATIONS' REHABILITATION ACT affecting the FIDELITY UNION TITLE AND MORTGAGE GUARANTY COMPANY.

[Argued October 28th, 1941. Decided January 9th, 1942.]

Messrs. *Hood, Lafferty & Emerson* (*Mr. Charles Danzig*), for the petitioner-respondent.

Mr. *Albion D. T. Libby, pro se, for* the appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The petitioner-respondent in this case was placed by the Court of Chancery in charge as trustee of an apartment house in Westfield. An offer to purchase the property for $115,000 cash was received by the trustee. Notice was given to the parties in interest. There were three objectors, among them being appellant, who had an interest as holder of a mortgage certificate. The matter was continued by the Vice-Chancellor, who directed the submission of oral bids in court. This resulted in a final offer of $125,000, to which the same parties again objected. The objections were overruled, and the trustee was directed to convey the property in accordance with the high bid. Appellant appeals from this decree, alleging that the property is worth more than the sale price and that the decree consequently constitutes an abuse of discretion.

The decree was dated February 25th, 1941, and was filed the same day. Notice of appeal was dated May 22d, 1941, its service was acknowledged on that day by counsel for the trustee, and it was filed on June 3d, 1941. The petition of appeal was filed on June 2d, 1941.

*In limine* the trustee moves to dismiss the appeal, on the ground that the decree is interlocutory and that the appeal was not made within the requisite thirty days. *R. S. 2:29-118.* The point is well taken. The decree is in essence confirmatory of a sale, and is not ultimate in the proceedings. *Fidelity Union Trust Co.* v. *North Jersey Poultry Co., 123 N. J. Eq. 259.* An appeal becomes effective when the notice of appeal is filed in the jurisdiction of origin, in this instance the Court of Chancery. *Barton* v. *Long, 45 N. J. Eq. 160.* This appeal is therefore plainly out of time. Even if the decree

were to be regarded as final in nature, the appeal is still out of time, for though service was made within the period sufficient as to appeals from final decrees, the actual filing of the notice of appeal, which is the controlling gauge, occurred beyond the three month limitation. *R. S. 2:29-119.*

Aside from technical deficiency in the procedure, the appeal itself possesses no meritorious basis. Appraisals of the property justify the sale price. Prior attempts to sell over a long span of years were without avail. The course pursued by the Vice-Chancellor resulted in securing substantially more than what was otherwise apparently procurable, and far from being an abuse of discretion it represented sound judgment and a serviceable contribution to the administration of the trust.

The decree of the Court of Chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.